UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

Case No. 5:20-CR-28-MW/MJF

UNITED STATES OF AMERICA

v.

JAMES D. FINCH, *et al.*

　　Defendants.
_____/

**DEFENDANT FINCH'S RESPONSE IN OPPOSITION TO
GOVERNMENT'S MOTION FOR RECONSIDERATION**

**I.　Introduction**

　　The government moves for reconsideration of this Court's carefully drafted opinion dismissing without prejudice for the second time a fatally flawed, over-arching, "kitchen sink" conspiracy count. Without even addressing the legal standard applicable to motions for reconsideration, the government provides no new evidence, no intervening change in controlling law, and no need to correct a clear error of law. Nothing in the convoluted, difficult-to-follow Motion demonstrates a rationale to overturn two previously entered, carefully considered opinions. At their core, the government's arguments appear to simply disagree with the Court's demand for precise drafting and adherence to controlling law. Respectfully, the Court should deny the government's Motion for Reconsideration.

## II. History and Posture

Considering the history here, the government's Motion for Reconsideration is effectively a second motion for reconsideration. In other words, this is the government's third bite at the apple to charge a legally sufficient conspiracy charge.

The first bite occurred on March 16, 2021, when the Grand Jury returned a 43-count Superseding Indictment adding James Finch and former Lynn Haven City Commissioner Antonius Barnes to a conspiracy count that involved multiple unrelated projects. ECF No. 64. Anderson's and Finch's counsel challenged Count 1 of the Superseding Indictment, arguing that it violated the well-settled doctrine of duplicity. ECF No. 149. Following extensive pleadings and multiple days of oral argument, the Court issued the August 19, 2021, Order granting the Defendant's Motion to Dismiss, finding that "the Government could identify *no* facts alleged in the Superseding Indictment tying the WorldClaim or ECS schemes to the remaining allegations conspiracy . . . [n]or is there any allegation that Finch had any knowledge of either scheme." ECF No. 185 at 6. The Court found "that ECF and WorldClaim are separate conspiracies" and therefore Count 1 was duplicitous. *Id.* Following the dismissal of Count 1, and with leave of Court, the government requested an opportunity "to take another stab at Count—at the conspiracy allegations" and figure out "how to charge them in light of the Court's ruling." ECF No. 187, Hr'g Tr. at 97.

Case No. 5:20-CR-28-MW/MJF

The second bite at the apple occurred on November 16, 2021, with the return of a 26-count Second Superseding Indictment against Anderson and Finch, ECF No. 214, containing virtually the exact, same, over-arching honest services fraud count involving and incorporating exactly the same "projects." Defendant Finch, again, moved to dismiss for charging multiple conspiracies within a single charge.[1] ECF No. 225. In a carefully reasoned order, the Court concluded that Count 1 of the Second Superseding Indictment "falls short because it leaves the charged conspiracy's scope ambiguous, combining an open-ended list of matters within the conspiracy with dozens of paragraphs of allegations unrelated to the matters specifically enumerated on the list." ECF No. 293 at 7. Accordingly, the Court again properly dismissed the over-arching duplicitous conspiracy count without prejudice. *Id.* After being allowed time to develop a legally compliant strategy, the government, without explanation, announced that it would not be returning to the Grand Jury to retool what is clearly a deficiently pled count. *See* ECF No. 317 at 1

---

[1] In the Motion to Dismiss the Second Superseding Indictment, Finch asked this Court to dismiss the entire charging document for incorporating multiple conspiracy allegations into every charge. ECF No. 225 at 14 n.10. The Court denied Finch's requested relief, finding that the non-conspiracy counts were not duplicitous because each substantive wire fraud count charged one wire transmission. ECF 293 at 8. The Court should take note that the government, however, sees "little daylight between a conspiracy to commit honest services fraud and substantive honest services fraud." ECF No. 317 at 1 n.1. Accordingly, it pledges to seek to introduce the "kitchen sink" evidence of multiple unrelated conspiracy theories within a trial with no conspiracy charge, at least two of which have nothing to do with James Finch.

n.1.

Instead, the government has chosen to take a third bite at the apple, filing a legally and factually dubious Motion for Reconsideration. In truth, there is nothing in the current Motion that was not raised and argued in the first 41-page response, ECF 159, the second 80-page response, ECF No. 238, and final 218-page post-hearing response, ECF No. 280. In less coherent fashion, the current Motion simply raises nothing new. As a result, respectfully, the Court should deny the Motion, rejecting the convoluted request to resurrect the legally deficient, over-arching conspiracy count.

### III.    Legal Standard

The Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, but the United States Supreme Court and the Eleventh Circuit have permitted parties to file such motions in criminal cases. *Serrano v. United States*, 411 F. App'x 253, 254-55 (11th Cir. 2011). In deciding such motions, courts use the standards applicable in civil cases. *See, e.g., United States v. Pugh*, 426 F. App'x 876, 876 (11th Cir. 2011) (noting that the same standard of review applies to orders on both criminal and civil motions to reconsider) (citations omitted).

Federal Rules of Civil Procedure 59 and 60 govern motions for reconsideration. Rule 59(e) allows a court to amend or alter its judgment for 28

Case 5:20-cr-00028-MW-MJF   Document 318   Filed 07/25/22   Page 5 of 11

Case No. 5:20-CR-28-MW/MJF

days. Fed. R. Civ. P. 59(e). "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted). Likewise, Rule 60 allows a court to relieve a party from an order for select reasons like "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b).

Under this framework, courts have interpreted three grounds for reconsidering an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *United States v. Faircloth*, No. 2:14-cr-76-FtM-38MRM, 2020 WL 3205791, at *2 (M.D. Fla. June 15, 2020) (citation omitted); *see also United States v. Farias*, No. 13-20460-CR, 2014 WL 4930641, at *1 (S.D. Fla. Oct. 1, 2014), *aff'd*, 836 F.3d 1315 (11th Cir. 2016) (same).

"The burden is upon the movant to establish the ***extraordinary circumstances*** supporting reconsideration." *Mannings v. Sch. Bd. of Hillsboro Cnty., Fla.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993) (emphasis added). Finally, a court has considerable discretion in deciding whether to grant a motion for reconsideration. *See Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir. 2006).

**IV.   Argument**

Motions for reconsideration cannot simply ask a court to reexamine an unfavorable ruling. *See Jacobs v. Tempur-Pedic Int'l., Inc.*, 626 F.3d 1327, 1344

(11th Cir. 2010). Nor can such motions be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the" court's decision. *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

Here, the Court correctly and accurately concluded that the government's draftsmanship of Count 1 of the Second Superseding Indictment "is most naturally read as containing a non-exhaustive list of schemes" despite claiming that the charge related to "specific matters." ECF 293 at 6. The government's arguments for reconsideration fall well short of the Eleventh Circuit's framework. It provides no intervening change in controlling law and offers no new evidence.[2] It merely argues that the Court's interpretation of paragraph 125 of the Second Superseding Indictment is "unfair." ECF No. 317 at 11.[3] A hollow cry of "unfairness" falls woefully short of clear error or manifest injustice warranting even a modicum of consideration.

---

[2] Indeed, since the initial decision dismissing the over-arching conspiracy count, the Court has required the production of all agent reports and notes. The actual evidence as reflected in the written reports and notes is shockingly nonexistent.

[3] The government also claims that the Court's conclusions preclude all future charges involving an alleged retainer theory of bribery and cites to the Eleventh Circuit case *United States v. Roberson*, 998 F.3d 1237 (11th Cir. 2021). ECF No. 317 at 12. Of course, the Court's decision does no such thing. The government ignores the fact that unlike the Second Superseding Indictment in this case, the *Roberson* indictment did not include a conspiracy charge under 18 U.S.C. § 1349.

In reality, the government simply finds it "unfair" that it is being required to respect the rule of law and the Defendants' Constitutional right to a fair trial. Indeed, what is fair is that a federal criminal indictment be drafted and returned with precision and detail as required by law. What is fair is that an indictment does not charge multiple conspiracies. What is fair is a prosecution absent of government recklessness and overreach. *See* ECF No. 312 (finding that the government's "conduct in this case falls well short of this Court's expectations."). What is fair is insisting that the sovereign remedy "shortcomings" and not conduct itself in a "less than laudable" manner. *Id.* at 12. What is fair is a Grand Jury presentation that is not "misleading" and presented in a "fast and loose way." *Id.* at 30. What is unfair? A prosecution conducted in a "reckless, careless, and unprofessional" manner. *Id.* at 38. Again, the hollow, faint cry of unfairness should be summarily rejected.

Besides the "fairness" argument, the government complains about the Court's appropriate chosen remedy for the duplicitous conspiracy count. ECF No. 317 at 16-17 (claiming that the Court imposed a drastic remedy when a lesser remedy would suffice). Again, the government provides no intervening change in controlling law that prohibits the Court's elected remedy. Indeed, the Court's discretion to choose the appropriate remedy upon finding Count 1 was duplicitous was extensively briefed and carefully considered. *See* ECF No. 185 at 7 ("In this case, however, a less drastic ruling will not suffice. As Defendants persuasively

argued, and the Government largely acknowledged, it is simply not possible to disentangle the allegations in Count 1 [of the Superseding Indictment]. Thus, forcing the Government to elect which conspiracy to pursue cannot cure the issues duplicity creates. For the same reason, a curative jury instruction will also not suffice."); ECF No. 225 at 14-18; ECF No. 293 at 7 ("Count 1 [of the Second Superseding Indictment] falls short because it leaves the charged conspiracy's scope ambiguous, combining an open-ended list of matters within the conspiracy with dozens of paragraphs of allegations unrelated to the matters specifically enumerated on the list.").

Contrary to the government's arguments, case law strongly supports the Court's conclusion and discretion to fashion appropriate relief "according to the particular harm or harms to be avoided" in a particular case. *Sturdivant*, 244 F.3d at 79. The government provides no controlling authority requiring its requested relief—forced election of charges and special instructions. ECF No. 317 at 17. In fact, other United States District Courts, like this one, have reasonably concluded that dismissal of a duplicitous charge is an appropriate remedy where the defect in the indictment is recognized before trial. *See, e.g.*, *United States v. Marlinga*, No. CRIM 04–80372, 2005 WL 513494, *6 (E.D. Mich. Feb. 28, 2005).

Furthermore, the government's suggested remedy is illogical. The government concedes that it had the opportunity to return a Third Superseding

Indictment after dismissal of Count 1 without prejudice. But the government has chosen not to pursue this route. Instead, as a matter of tactics, it has chosen to try to get around the two previous orders. How? It intends to offer evidence of the ECS and WorldClaim conspiracies during its case-in-chief against Defendant Finch. ECF No. 317 at 19 n.10. This flies directly in the face of the Court's prior ruling that "the Government could identify *no* facts alleged in the Superseding Indictment tying the WorldClaim or ECS schemes to the remaining allegations conspiracy . . . [n]or is there any allegation that Finch had any knowledge of either scheme." ECF No. 185 at 6. Following the government's ill-conceived logic, it will likely suggest that the Barnes allegations can be introduced against Defendant Anderson as well, despite there being zero evidence connecting her to the Barnes loan. As a result, the defendant's impending motions for severance or to strike allegations are duly warranted. The fact that the Second Superseding Indictment contains multiple conspiracy allegations that ultimately cannot be joined under Federal Rule of Criminal Procedure 8, however, provides further reason to dismiss the whole indictment rather than to order an alternative form of relief. *See, e.g.*, *Marlinga*, 2005 WL 513494, at *7 (finding single count charging multiple conspiracies to be "duplicitous," and concluding that "[b]ecause of the Court's finding that misjoinder has occurred [under Rule 8] . . . a single superceding [sic] indictment charging two conspiracies is not appropriate."). The real purpose of the Motion for

9

Reconsideration is to avoid yet another flawed Grand Jury presentation and blunt the coming attacks on the remaining substantive counts of the Second Superseding Indictment, which re-incorporate by reference the same entangled allegations in each and every count. ECF No. 317 at 2 n.1 ("But favorable reconsideration of the Court's prior order might moot at least part of such another defense attack.").

## V.    Conclusion

Respectfully, the Court should deny the government's Motion for Reconsideration because it has not provided an intervening change in controlling law, provided the availability of new evidence, or articulated a need to correct clear error or manifest injustice. Rather, it asks this Court to re-examine an immanently appropriate unfavorable ruling to avoid attacks on the remaining counts. The Court ruled correctly. It followed the law. The Motion for Reconsideration should be denied.

## **LOCAL RULE 7.1(F) CERTIFICATION**

Pursuant to Local Rule 7.1(F), the undersigned certifies that this reply does not exceed 8,000 words and contains 2,234 words pursuant to the word count provided by Microsoft Word.

Case No. 5:20-CR-28-MW/MJF

Respectfully submitted,

*/s/ Guy A. Lewis*
Guy A. Lewis
Florida Bar No. 623740
Jeffrey M. Forman
Florida Bar No. 105135
The Law Offices of Guy A. Lewis PLLC
12575 SW 67th Avenue
Pinecrest, Florida 33156
954-688-6340
glewis@lewistein.com
jforman@lewistein.com

*Counsel for Defendant,*
*James D. Finch*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 25, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that a true and correct copy of the foregoing has been served electronically via the CM/ECF System on all counsel of record.

*/s/ Guy A. Lewis*
GUY A. LEWIS

11