IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

v.                                         Case No.:  5:20cr28-MW/MJF

MARGO DEAL ANDERSON, et al.,

    *Defendants*.
_____/

**ORDER GRANTING IN PART AND DENYING
IN PART MOTION FOR RECONSIDERATION**

About two months ago, this Court granted Defendants' motions to dismiss Count 1—charging conspiracy to commit honest services fraud—from the second superseding indictment. ECF No. 293. As this Court explained, it had confronted a similar issue when it dismissed Count 1 from the superseding indictment. Grouping the superseding indictment's factual allegations into five "projects," this Court had held that three "projects" (17th street, debris disposal, and rebuild) made up one conspiracy, but that two "projects" (ECS and WorldClaim) stood on their own. Because the superseding indictment mashed all of these "projects" together into one conspiracy count, this Court dismissed that count as duplicitous. *See* ECF No. 185. The Government then obtained a second superseding indictment. ECF No. 214.

In fairness to the Government, the second superseding indictment—which remains the operative indictment—does not so clearly charge all five projects

together. Rather, it sets out essentially the same factual allegations as the superseding indictment, describing in chronological order each of the five "projects." *See* ECF No. 215 ¶¶ 1–122. Then, incorporating those factual allegations, Count 1 charges Anderson and Finch with conspiracy to commit honest services wire fraud:

> The manner and means of the conspiracy were that the defendant and conspirators used **ANDERSON**'s public official position as the Mayor of Lynn Haven . . . to offer, give, solicit, receive, agree to accept, and accept things of value from **FINCH**, which were offered and provided by **FINCH** to **ANDERSON** . . . with the intent that [she] would be influenced in the performance of official acts. **ANDERSON** agreed to accept and did accept things of value from **FINCH** with the intent that she would be influenced in the performance of official acts related to specific matters, to wit, **FINCH**'s business interests before, including the 17th Street project, projects under the ½ Cent Surtax contract, and City business for hurricane recovery, as specific opportunities arose.

ECF No. 215 ¶ 125.

Ultimately, this Court found that the second superseding indictment remained duplicitous. Its duplicity had two causes. First, by describing the charged conspiracy as "including" the three projects that this Court found form one conspiracy, Count 1 implied that those projects are only part of a non-exhaustive list of schemes making up the overarching conspiracy (which, on its own, is permissible). Second, Count 1 incorporated extensive factual allegations about the remaining two projects. Reading the non-exhaustive list of schemes *along with* the incorporated facts, this Court found that the second superseding indictment again impermissibly charged all five

"projects" as one conspiracy. The Government now asks this Court to reconsider that order.

I

Unlike the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure do not explicitly authorize motions for reconsideration. Still, federal Courts have long permitted such motions—evaluating them under the applicable civil standard. *See United States v. Phillips*, 597 F.3d 1190, 1199 (11th Cir. 2010).

For its part, the Government says that "[a] motion for reconsideration must demonstrate why the court should reconsider its prior decision." *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). True, but typically "a motion to reconsider should raise new issues, not merely readdress issues previously litigated." *Id.* Defendants, on the other hand, focus on the stringent reconsideration standard under Rules 59 and 60. But the less-stringent Rule 54 is also in play. *See United States v. Loera*, 182 F. Supp. 3d 1173, 1200 (D.N.M. 2016), *aff'd*, 923 F.3d 907 (10th Cir. 2019) (explaining that "motions to reconsider in civil cases fall into three categories:" Rule 59 motions, Rule 60 motions, and Rule 54 motions).[1] This Court's prior order dismissing Count 1 is a

---

[1] Rule 59(e) governs motions to reconsider a judgment filed within twenty-eight days of a court's entry of judgment. Rule 60(b) governs motions to reconsider a judgment filed after twenty-eight days of a court's entry of judgment. And Rule 54(b) governs motions to reconsider non-final orders.

3

non-final order. *See United States v. Kelly*, 849 F.2d 1395, 1397 (11th Cir. 1988). Thus, Rule 54 applies. "Under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quotations omitted). But this Court must apply some standard, and it finds the three factors set out in *Loera* persuasive. 182 F. Supp. 3d at 1206–08.

*First*, this Court considers its original ruling's thoroughness. The more thorough; the more deference. *Second*, this Court considers the case's procedural posture. The further along; the more deference. *Third*, this Court considers the Rule 59 and 60 tripartite analysis; namely, asking whether there is "(1) an intervening change in controlling law," (2) new evidence, or (3) "the need to correct clear error or manifest injustice." *Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d at 1308.

This Court's order dismissing Count 1 is no law review article. But it is fairly thorough—taking up about seven pages of facts and analysis. ECF No. 293 at 1–7. Plus, given that this case has been pending for two years, the Government's motion comes at a late stage. Finally, none of the traditional reconsideration factors weigh in the Government's favor. All in all, the *Loera* factors suggest that this Court should approach the Government's motion with a healthy amount deference towards its prior order. With that in mind, this Court turns to the Government's arguments.

II

This Court divides its discussion into two parts. First, this Court addresses, and ultimately reaffirms, its conclusion that Count 1 is duplicitous. Second, this Court addresses, and ultimately reconsiders, its conclusion that no remedy short of dismissal can cure that duplicity.

A

Start with duplicity. In asking this Court to reconsider its prior order, the Government mainly focuses on language from Count 1 alleging that Anderson agreed to take "official acts related to . . . **FINCH**'s business interests." ECF No. 215 ¶ 125. Citing that language, the Government's argument relies on the following syllogism. Count 1 charges Defendants with conspiring to trade official acts favoring Finch's "business interests" for bribes. And the WorldClaim and ECS schemes are unrelated to Finch's "business interests." Thus, because Count 1 relates only to Finch's "business interests," it cannot possibly include the WorldClaim and ECS schemes within the charged conspiracy.

But, for much of the pendency of this case, the Government argued the opposite. For example, the Government has long argued that the meeting alleged in paragraph 72 of the second superseding indictment tied Finch to the ECS scheme such that—along with 17th street, debris disposal, and rebuild—it formed a single conspiracy. *See* ECF No. 159 at 16–18. To be sure, this Court determined that the

allegations in paragraph 72 *could not* to fuse these separate conspiracies into one. But the fact that the Government has previously (and very nearly convincingly) made the argument that the ECS scheme furthered Finch's interests seriously undercuts its argument that Count 1 cannot *possibly* be read to include at least the ECS scheme as part of the charged conspiracy.[2]

The Government's other arguments fair no better. To be sure, this Court agrees with the Government that incorporating factual allegations describing multiple crimes into a single count does not necessarily mean that the count charges multiple crimes. *See* Fed. R. Crim. P. 7(c)(1) ("A count may incorporate by reference an allegation made in another count."). For example, as in the case the Government cites, facts relevant to conspiring to distribute controlled substances may also be relevant to maintaining a facility to distribute controlled substances. *United States v. Buckingham*, 418cr376, 2018 WL 6570874, at *3 (N.D. Ala. Dec. 13, 2018).

But the same is not true here. Facts related to—for example—the WorldClaim project are not relevant to proving the charged conspiracy. *Unless*, of course, the WorldClaim project is charged as part of that conspiracy. And at any rate, the second

---

[2] The Government accuses Defendants of talking out of both sides of their mouths by arguing that no allegations tie Finch to the ECS and WorldClaim schemes while claiming that Count 1 charges Finch and Anderson with conspiring in relation to those schemes. But that is not a fair characterization of Defendants' argument. Defendants argue that—despite the lack of allegations tying Finch to the ECS and WorldClaim schemes—the second superseding indictment once again incorporates those schemes within an overarching conspiracy count. *See* ECF No. 225 at 4–7; ECF No. 226 at 2.

superseding indictment does more than merely incorporate factual allegations describing multiple crimes into a single count; it incorporates allegations describing multiple schemes, and then frames the charged conspiracy broadly alongside a non-exhaustive list of charged schemes. This Court stands by its conclusion that the most natural reading of this construction is that the WorldClaim and ECS schemes are incorporated within Count 1's non-exhaustive list.

Further, this Court's order does not undercut the retainer theory of bribery. To be sure, when they form their conspiracy, the conspirators need not know exactly what actions the bribed official may undertake in furtherance of the conspiracy. That is fine. The problem here is the unique combination of an open-ended list of charged schemes coupled with incorporated factual allegations pertaining to other schemes. In short, as whether Count 1 is duplicitous, this Court remains convinced that it is.

B

Turning to remedies, the Government also attacks this Court's decision to dismiss rather redress Count 1's duplicity through special jury instructions. This argument carries more force. This Court must not dismiss a count "when a less drastic ruling will suffice." *United States v. Goodman*, 285 F.2d 378, 380 (5th Cir. 1960). And the remedies for duplicity "vary according to the particular harm or harms to be avoided and the stage of the proceeding at which the threatened harm or harms arise." *United States v. Sturdivant*, 244 F.3d 71, 79 (2d Cir. 2001). Thus, in

7

some cases, only dismissal will suffice. But in others—typically before conviction—"having the government elect to proceed based upon only one of the district crimes included within a duplicitous count" or "a jury instruction that ensures that the jury is unanimous as to the conduct underlying the conviction" will redress any duplicity. *Id.*

When it came to the superseding indictment, this Court held that neither a curative jury instruction nor an election could redress its duplicity—the allegations were simply too intermingled. *See* ECF No. 185 at 7. But, as this Court acknowledged above, the second superseding indictment does not allege all five projects in the same intermingled way. The problem here stems instead from its incorporation of facts related to other counts. Given that distinction, this Court was too hasty to again dismiss Count 1. Forcing the Government to elect—as it essentially already has—not to pursue the ECS or WorldClaim conspiracies, along with a jury instruction telling the Jury that Count 1 is limited to the 17th street, debris disposal, and rebuild conspiracy, is enough to diffuse Count 1's duplicitousness. Because this Court has an obligation to impose the least drastic remedy, it agrees that—while Count 1 is duplicitous—it should not have granted the motions to dismiss.

For these reasons,

**IT IS ORDERED**:

1. The Government's motion for reconsideration, ECF No. 317, is **GRANTED in part** and **DENIED in part**.

2. This Court's order granting Defendants' motions to dismiss, ECF No. 293, is **VACATED** and Count 1 is reinstated.

3. The Government must file a notice confirming its election to pursue only the 17th street, debris disposal, and rebuild conspiracy charged in Count 1 **on or before August 19, 2022**.

4. When the parties submit proposed jury instructions in this case, they must also submit a proposed instruction addressing the duplicity issue.

**SO ORDERED on August 16, 2022.**

<u>s/Mark E. Walker</u><br>
**Chief United States District Judge**