IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

v.  Case No.: 5:20cr28-MW/MJF

JAMES DAVID FINCH,

    *Defendant.*
_____/

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of this Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt.

The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. A Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a

reasonable doubt, say so. If you are not convinced, say so.

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that

decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

You must consider some witnesses' testimony with more caution than others.

In this case, the Government has made a plea agreement with a Codefendant in exchange for their testimony. Such "plea bargaining," as it's called, provides for the possibility of a lesser sentence than the Codefendant would normally face. Plea bargaining is lawful and proper, and the rules of this Court expressly provide for it.

But a witness who hopes to gain more favorable treatment may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you

should consider that testimony with more caution than the testimony of other witnesses.

And the fact that a witness has pleaded guilty to an offense isn't evidence of the guilt of any other person.

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

The indictment charges two separate crimes, called "counts," against the Defendant. Each count has a number. You'll be given a redacted copy of the indictment to refer to during your deliberations. The redactions have been made by order of this Court pursuant its legal rulings. You must not consider the fact that the indictment has been redacted during your deliberations, nor should you speculate as to what has been redacted.

Count 1 charges that the Defendant knowingly and willfully conspired to commit bribery. Count 2 charges that the Defendant committed what is called a "substantive offense," specifically, bribery. I will explain the law governing that substantive offense in a moment.

But first note that the Defendant is not charged in Count One with committing a substantive offense – he is charged with <u>conspiring</u> to commit that offense.

I will now give you specific instructions on conspiracy.

### Count One: Conspiracy to Commit Bribery

It's a separate Federal crime for anyone to conspire or agree with someone else to do something that would be another Federal crime if it was actually carried out.

A "conspiracy" is an agreement by two or more people to commit an unlawful act. In other words, it is a kind of "partnership" for criminal purposes. Every member of a conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement.

The Government does not have to prove that the members planned together <u>all</u> the details of the plan or that the "overt acts" that the indictment charges would be carried out in an effort to commit the intended crime.

The heart of a conspiracy is the making of the unlawful plan itself, followed by the commission of any overt act. The Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

> (1) the Defendant, James David Finch, and Antonius Genzarra Barnes in some way agreed together to try to accomplish a shared and unlawful plan, specifically, to commit offenses under Title 18, United States Code Section 666(a)(2), as described in paragraph 9b of the indictment;
>
> (2) the Defendant knew the unlawful purpose of the plan and willfully joined in it;
>
> (3) during the conspiracy, one of the conspirators knowingly engaged in at least one overt act as described in the indictment; and
>
> (4) the overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

An "overt act" is any transaction or event, even one that may be entirely innocent when viewed alone, that a conspirator commits to accomplish some object of the conspiracy.

A person may be a conspirator without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan and willfully joined in the plan on at least one occasion, that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with

7

certain people and discussing common goals and interests doesn't establish proof of a conspiracy. A person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

I will now give you specific instructions on the "substantive offense."

### Count Two: Bribery of Agent of Entity Receiving Benefits Under a Federal Assistance Program

With respect to Count 2 as to the Defendant, James David Finch, it's a Federal crime for anyone to corruptly give, offer, or agree to give anything of value to anyone who is an agent of a local government receiving significant benefits under a Federal assistance program, with the intent to reward or influence that agent in connection with certain transactions of the government.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) that Antonius Genzarra Barnes was an agent of the City of Lynn Haven;

(2) that the City of Lynn Haven was a local government that received in any one-year period benefits in excess of $10,000 under a Federal program involving a grant, a contract, a subsidy, a loan, a guarantee, insurance, or any other form of Federal assistance;

(3) that during the one-year period, the Defendant gave or offered something of value to Antonius Genzarra Barnes with the intent to influence or reward Antonius Genzarra Barnes in connection with any business, transaction, or series of transactions of the City of Lynn Haven, involving something of value of $5,000 or more; and

(4) that in so doing, the Defendant acted corruptly.

To act "corruptly" means to act voluntarily, deliberately, and dishonestly to either accomplish an unlawful end or result or to use an unlawful method or means to accomplish an otherwise lawful end or result.

An "agent" is a person authorized to act on behalf of another person, organization, or a government and, in the case of an organization or government, includes a servant or employee, partner, officer, or director.

A "government agency" is a subdivision of the executive, legislative, judicial, or other branch of government, including a department, independent establishment, commission, administration, authority, board, bureau, or corporation or other legal entity established and subject to control by a government or governments for the execution of a governmental or intergovernmental program.

"Local" means of or pertaining to a political subdivision within a State.

"State" means a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States.

"In any one-year period" means a continuous period that commences no earlier than twelve months before the commission of the offense or that ends no later than twelve months after the commission of the offense. Such a period may include time both before and after the commission of the offense.

It is not necessary to prove that the Defendant's conduct directly affected the

funds received by the government under the Federal program. The Government can satisfy the third and fourth elements by proving that the Defendant, James David Finch, gave a thing of value to Antonius Genzarra Barnes with the intent to retain the services of Antonius Genzarra Barnes on an "as needed" basis, so that Antonius Genzarra Barnes would take actions as specific opportunities arose, in his role as City Commissioner as an agent of the City of Lynn Haven, and in connection with any business or transactions of the City of Lynn Haven involving something worth $5,000 or more.

For Count 2, it is not necessary for the Government to prove that Antonius Genzarra Barnes was actually influenced or intended to act on behalf of the Defendant James David Finch. It is also not a defense that something of value is accepted to influence an act which is actually lawful, desirable, or even beneficial. Nor that the agent did not have the power, authority, or ability to perform the act for which the thing of value is accepted.

Where a statute specifies multiple alternative ways in which an offense may be committed, the <u>indictment</u> may allege the multiple ways in the conjunctive, that is, by using the word "and." If only <u>one</u> of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

For example, the indictment alleges in Count 2 that the Defendant, James

David Finch, "did corruptly give, offer, and agree to give a thing of value . . ." but the Government only needs to prove that the Defendant did knowingly give, offer, *or* agree to give a thing of value.

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

Evidence of a defendant's character traits may create a reasonable doubt.

You should consider testimony that a defendant is an honest and law-abiding citizen along with all the other evidence to decide whether the Government has proved beyond a reasonable doubt that the Defendant committed the offense.

Charts or summaries have been prepared by the parties and have been shown

to you during the trial for the purpose of explaining facts that are allegedly contained in books, records, or other documents in the case. Some of these charts or summaries have been admitted into evidence.

You may consider the charts or summaries as you would any other evidence admitted during the trial and give them such weight or importance, if any, as you feel they deserve. To the extent that the charts or summaries, in whole or in part, are not an accurate summary of evidence, you may disregard the charts or summaries, in whole or in part.

Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial only for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me, and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many

jurors have voted one way or the other at that time.